IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROBIN KING**                                                      **PLAINTIFF**

v.                                              CAUSE NO. 1:15CV367-LG-RHW

**DOLGENCORP, LLC**                                    **DEFENDANT**

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR SUMMARY JUDGMENT
AS TO PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES**

BEFORE THE COURT is the Motion for Summary Judgment as to Plaintiff's Claim for Punitive Damages filed by the defendant, Dolgencorp, LLC. Plaintiff King has responded, and Dolgencorp has replied. After due consideration of the submissions and the relevant law, it is the Court's opinion that punitive damages are not appropriate in this case. Accordingly, the Motion will be granted and King's demand for punitive damages dismissed.

## BACKGROUND

Robin King alleges she was shopping at the Dollar General store in Ocean Springs, Mississippi, when she walked into some "loose metal shelving" that had been removed and put on the floor, propped upright against intact shelving. (Compl. 2, ECF No. 1-1). She alleges that the shelving fell on her right foot with sufficient force to cause a crushing injury to her foot. (*Id*.). She alleges that Dolgencorp was negligent by failing to 1) provide a safe aisle to walk through; 2) warn customers of the loose shelving; and 3) ensure that proper safety measures were implemented and carried out. (*Id*. at 3). In addition to compensatory damages, King seeks punitive damages, alleging that Dolgencorp's "acts and

omissions constitute gross negligence which evidences a willful, wanton, or reckless disregard for the safety of others." (*Id*. at 5).

## DISCUSSION

Dolgencorp moves for dismissal of the punitive damages demand, arguing that the facts of this case do not rise to the level necessary to justify punitive damages under Mississippi law. "Mississippi law does not favor punitive damages; they are considered an extraordinary remedy and are allowed 'with caution and within narrow limits.'" *Warren v. Derivaux*, 996 So. 2d 729, 738 (¶27) (Miss. 2008) (quoting *Life & Cas. Ins. Co. of Tenn. v. Bristow*, 529 So. 2d 629, 622 (Miss. 1988)). Punitive damages are only appropriate in the "most egregious cases," where the actions are "extreme." *Paracelsus Health Care Corp. v. Willard*, 754 So. 2d 437, 442 (¶20) (Miss. 1999) (citing *Wirtz v. Switzer*, 586 So. 2d 775, 783 (Miss. 1991)). The applicable Mississippi statute provides:

> Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.

Miss. Code Ann. §11-1-65.

The defendant's conduct must include "some element of aggression, insult, malice, or gross negligence that evidences a ruthless disregard for the rights of others" in order to justify an award of punitive damages. *Bradfield v. Schwartz*, 936 So. 2d 931, 936 (¶17) (Miss. 2006). Gross negligence is "that course of conduct which, under the particular circumstances, discloses a reckless indifference to

consequences without the exertion of any substantial effort to avoid them." *Ezell v. Bellsouth Telecomm., Inc.*, 961 F. Supp. 149, 152 (S.D. Miss. 1997) (quoting *Dame v. Estes*, 101 So. 2d 644, 645 (Miss. 1958)). Willful and wanton conduct "'usually is accompanied by a conscious indifference to consequences, amounting almost to a willingness that harm would follow.'" *Pigford v. Jackson Pub. Sch. Dist.*, 910 So. 2d 575, 579 (¶19) (Miss. Ct. App. 2005) (quoting *Maldonado v. Kelly*, 768 So. 2d 906, 910 (¶8) (Miss 2000)). Willful and wanton conduct should be distinguished from negligence in that it "'is a failure or refusal to exercise any care, while negligence is a failure to exercise due care.'" *Id.*

King argues that "[t]his case is not just about Robin King's foot being crushed by loose shelving in an aisle. This case is about a company that constitutes a community danger." (Pl. Resp. Mem. 1, ECF No. 48). She contends that testimony establishing the following matters is evidence of Dolgencorp's gross negligence: 1) the store was understaffed, and therefore employees were too busy to promptly remove the unused shelving from the aisle; 2) employees were trained to leave unused shelving in the aisles; and 3) Dolgencorp had a policy to put unused shelving in the back room right away, and although it knew employees were not following the policy it did nothing until someone was hurt. (*Id.* at 1, 5).

When viewed in the light most favorable to King, this evidence does not demonstrate "extreme conduct" in which Dolgencorp failed to exercise any care. King's evidence might support a finding of negligence if the factfinder determines

that the care Dolgencorp exercised was not reasonable.  *See Albert v. Scott's Truck Plaza, Inc.*, 978 So.2d 1264, 1267 (Miss. 2008) (duty of reasonable care owed to business invitees).  It is apparent that this is a negligence case, not one of the "most egregious cases" with facts that would make an award of punitive damages appropriate.  Accordingly, Dolgencorp is entitled to judgment as a matter of law in regard to the demand for punitive damages.  The Motion for Summary Judgment will be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [43] Motion for Summary Judgment as to Plaintiff's Claim for Punitive Damages is **GRANTED**.  Plaintiff's demand for punitive damages is **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 10th day of August, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE